UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY GARON,

    Plaintiff,

v.                                                  Case No: 10-12627

                                                   Honorable Victoria A. Roberts

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

    Defendant.

_____/

**OPINION AND ORDER**

**I.    Introduction**

This is an insurance-related lawsuit. The parties dispute whether an insurance policy is covered under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Plaintiff Larry Garon brought this action against Defendant Unum Life Insurance Company of America ("Unum") when Unum denied Plaintiff's claim for disability benefits. Plaintiff's breach of contract suit seeks damages and declaratory judgment that Unum is required to pay Plaintiff benefits for his disability. The Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

Unum filed this Motion for Summary Judgment on all claims, on the grounds that Plaintiff's insurance policy is covered under ERISA. For plans falling under its purview, ERISA preempts state law causes of action and is the exclusive remedy. Plaintiff asserts that the policy

is not subject to ERISA preemption because it was either (i) not established by his employer and therefore not an ERISA plan, (ii) an ERISA plan covered under the ERISA safe harbor provisions, or (iii) a terminated ERISA plan.  According to Plaintiff, the state law causes of action can continue.  Finally, Plaintiff asserts that even if the Court finds that the plan is covered under ERISA, his suit is a proper complaint for relief to recover benefits due him under the terms of his plan, as provided by the ERISA statute.

**II.    Background**

In 1991, Plaintiff applied for and was issued a disability insurance policy.  The application stated that the policy would be paid through Oxford Investment Group, Inc. ("Oxford") on its existing account with Unum.  Plaintiff testifies in an affidavit that he was not and has never been an employee of Oxford, an assertion mirrored by Oxford's principal, Selwyn Isakow.  Plaintiff explains that he was a principal and executive vice-president of a company called Real Estate Interests Inc. ("REI"), which participated in many investments with Oxford, but the two companies were separate and distinct entities. Garon Dec.  Plaintiff's original application for his insurance policy lists "Real Estate Interests" as Plaintiff's employer under Question 2(b).  However, in answer to Question 10(a), "Who will pay the premiums?, Plaintiff says "Employer at The Oxford Investment Group, Inc."  Under Question 9, "Special Requests," the application states:

> Set up on flexbill with Selwyn Isakow #[account number].  Billings to be sent to The Oxford Investment Group, Inc. at address in Question #2b.

Insurance Policy Application.

Plaintiff testifies that he never represented that Oxford was his employer.  According to Plaintiff, he did not complete the application; rather, he was asked a series of questions by the insurance agent, who recorded his responses and completed the application or caused an assistant

2

to complete the application. Plaintiff's signature does appear on the last page of the application. Plaintiff does not recall receiving a copy of the completed application for review.

For a number of years, Unum received a single payment for the premiums of a number of individuals including Oxford employees and Plaintiff. This payment came either from Oxford or from a company called Risk Management Company. Oxford was reimbursed by Plaintiff for his share of the premiums. According to Unum, Plaintiff received a 15% discount for being included on Oxford's bill.

The record shows that Plaintiff began remitting payment directly to Unum as early as 1996. In 2005, Unum received a communication stating that Plaintiff should be removed from Oxford's bill and that separate invoices should be sent to his office at REI. Unum did this, effective November 4, 2006.

In September 2009, Plaintiff applied for benefits under his policy; Unum denied the claim. This action followed.

**III.  Discussion**

Whether an ERISA plan exists is a question of fact "to be answered in light of all the surrounding circumstances and facts from the point of view of a reasonable person." Langley v. DaimlerChrysler Corp., 502 F.3d 475, 479, (6th Cir. 2007). Once a plan is shown to be under ERISA, the statute preempts all state law claims for which it provides a remedy. International Resources, Inc. v. New York Life Ins. Co., 950 F.2d 294, 298 (6th Cir. 1991). Even though the existence of an ERISA plan is a question of fact, ERISA preemption remains a question of law. Santino v. Provident Life and Accident Ins. Co., 276 F.3d 772, 774 (6th Cir. 2001). Therefore, the burden is on Unum to prove, as an affirmative federal defense, the facts necessary to establish that state law claims are preempted as a matter of law. Kanne v. Connecticut General

3

Life Ins. Co., 867 F.2d 489, 492 (9th Cir. 1988). Furthermore, because this is Unum's motion for summary judgment, the Court considers the evidence in determining whether Plaintiff raises a genuine issue of material fact, with facts and inferences construed in the light most favorable to Plaintiff. Biegas v. Quickway Carriers, Inc., 573 F.3d 365, 373 (6th Cir. 2009) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

The exclusive remedies provided by ERISA are intended for "employee welfare benefit plans," defined as: "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both." 29 U.S.C. § 1002(1). An employee is defined in Section 1002(6) as "any individual employed by an employer," a definition which the Supreme Court noted "is completely circular and explains nothing." Nationwide Mutual Ins. Co. v. Darden, 503 U.S. 318, 323 (1992). The Supreme Court thus adopted common law agency criteria in determining who qualifies as an employee. Id.

The record shows that Plaintiff was not, in fact, an employee. REI and Oxford had no organizational affiliation. Plaintiff never received a paycheck from Oxford, nor was he supplied tax forms from Oxford. There was no employment contract between Plaintiff and Oxford, and Oxford could not hire or fire Plaintiff from his position at REI or supervise his work.

Unum argues that the policy documentation proves otherwise, but there is no indication that the documents on which Unum relies originated from Plaintiff or any other reliable source. For instance, Unum relies on the application itself, which lists, under Question 10(a), "Who will pay the premiums?", this answer: "Employer at The Oxford Investment Group, Inc." This does not, without further supporting evidence, prove that Oxford was Plaintiff's employer. First, the Court notes that there were only four choices on the application to indicate who would pay premiums: (i) "Proposed Insured Directly at ____," (ii) Proposed Insured through payroll

4

deduction at ____," (iii) "Employer at ____," and (iv) "Insured / Employer (split) at ____." Insurance Policy Application.  Given that there was no choice for a company other than insured's employer, it is not surprising that option (iii) was selected, even if Oxford was not Plaintiff's employer.  In contrast, "Other" is an option for two other subquestions within Question 10: The choices for the address where premiums are to be sent are: "Residence / Business / Other," and the choices how insured /employer splits are to be calculated are: "By Percent / Traditional / Other."   Second, Plaintiff testifies, uncontested by Unum, that he did not fill out the application; rather, he was asked a series of questions by the insurance agent, who recorded his responses and completed the application or caused an assistant to complete the application.  Plaintiff does not recall receiving a copy of the completed application for review.

Unum also relies on the cover letter it received together with the application dated August 30, 1991.  The letter states: "Larry is an attorney / developer for Real Estate Interests.  He is also 25% owner of this firm.  Real Estate Interests is part of The Oxford Investment Group, Inc." This appears to be an internal correspondence, presumably originating from the insurance agent. Plaintiff testifies that the content of this letter is "incorrect, without basis in law or fact . . . drafted after I signed the application for my policy on August 28, 1991.  I never saw, was aware of or had a chance to correct the representations in this letter until I read Defendant's motion for summary judgment."

Unum argues that even if Oxford was not technically Plaintiff's employer, because of the close relationship between Oxford and REI, the Court should find that the policy satisfies requirements for an "employee welfare benefit plan" under Section 1002(5), which states

> The term "employer" means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan;

and includes a group or association of employers acting for an employer in such capacity.

29 USC 1002(5). The cases Unum cites do not support this conclusion. In <u>Bogue v. Ampex Corp.</u>, 976 F.2d 1319, 1323 (9th Cir. 1992), the Ninth Circuit held that corporate parent had established ERISA plans for employees of its wholly-owned subsidiary where it retained the duty to administer the plan and the subsidiary funded it. In <u>Keenen v. UnumProvident Corp.</u>, 252 F. Supp. 2d 163, 167-168 (E.D. Pa. 2003), a district court found that an employer / employee relationship existed for the purposes of ERISA where the employer provided tax forms for the employee and was identified as the employer by the employee. Here, there is no evidence that Plaintiff had a formal relationship with Oxford. Thus, neither of the non-controlling cases relied on by Unum justifies the broad view of an employment relationship for which Unum advocates.

Next, Unum argues that even if Plaintiff's insurance policy is not regulated by ERISA because Oxford was not his employer, such an assertion should be barred by equitable estoppel. Unum cites <u>Parke v. Provident Life & Accident Ins. Co.</u>, Case No. Civ-09-865-W (W.D. Ok. Dec. 6, 2010), in which a plaintiff who created a fictitious company to obtain a group insurance policy was estopped from arguing that ERISA did not apply to his policy. The elements to establish equitable estoppel are:

1) conduct or language amounting to a representation of material fact;
2) awareness of the true facts by the party to be estopped;
3) an intention on the part of the party to be estopped that the representation be acted on, or conduct toward the party asserting the estoppel such that the latter has a right to believe that the former's conduct is so intended;
4) unawareness of the true facts by the party asserting the estoppel; and
5) detrimental and justifiable reliance by the party asserting estoppel on the representation.

<u>Armistead v. Vernitron Corp.</u>, 944 F.2d 1287 (6th Cir. 1991).

There has not been much, if any, discovery.  As discussed, the facts currently on record fail to show that Plaintiff was an employee of Oxford.  Unum has thus failed to prove that, as a matter of law, the policy is subject to ERISA regulation.  With respect to Unum's theory that equitable estoppels should bar Plaintiff's claim in any case, the record does not clearly prove each element of estoppel.  With respect to element 3, for example, Plaintiff's intent to induce Unum to act on the misrepresentation is in dispute.  According to Plaintiff's testimony, he was unaware that the application listed Oxford as his employer.  In addition, Question 2(b) of the application, which states that Plaintiff's employer is "Real Estate Interests," undercuts Unum's assertion under element 4 that it was unaware of the true facts.  Finally, Unum must prove that it detrimentally and justifiably relied on Plaintiff's representations under element 5, which it has not done.  Accordingly, Unum's summary judgment motion is denied on this theory as well.

Because Unum fails to establish that Plaintiff is part of an ERISA employer-sponsored plan, the Court doesn't decide whether the plan itself is exempted from ERISA because of the ERISA "safe harbor" regulations established by the Department of Labor.  See Thompson v. American Home Assurance Co., 95 F.3d 429, 434-435 (6th Cir. 1996).  The Court will also not consider whether the plan is an expired ERISA plan or whether Plaintiff's complaint satisfies a claim under ERISA.

### IV.    Conclusion

Unum's motion for summary judgment is denied.

**IT IS ORDERED.**

/s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

**Dated:  5/4/11**